UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RUDY STANKO,<br>a/k/a "Butch" Stanko,<br>d/b/a The Stampede News,<br><br>        Plaintiff,<br><br>vs.<br><br>BIG D OIL COMPANY;<br>DISTRICT MANAGER BRENDA<br>STEEJDEE, individually and in her<br>official capacity; DON POLICKY, Chief<br>Executive Officer, individually and in<br>his official capacity; and<br>Defendants IX through 3x, individually,<br>will be named after discovery,<br><br>        Defendants. | CIV. 17-5009-JLV<br><br><br>ORDER |

## INTRODUCTION

Plaintiff Rudy Stanko, d/b/a The Stampede News, filed a two-count complaint against the defendants. (Docket 1). Defendants Big D Oil Company ("Big D Oil"), Brenda Steejdee and Don Policky filed motions to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dockets 10, 15 & 20). Mr. Stanko opposes the motions.[1] (Docket 13). Mr. Stanko filed a motion to compel Mr. Policky to file an answer to the complaint. (Docket 14). Mr. Policky

---

[1]Mr. Stanko's brief was only filed in response to Big D Oil's motion to dismiss. The court believes Mr. Stanko would advance the same arguments against the individual defendants' motions. Any other arguments are waived as the time to file a responsive brief has expired. Fed. R. Civ. P. 7(b) and D.S.D. Civ. LR 7.1(B).

opposes the plaintiff's motion. (Docket 17). For the reasons stated below, defendants' motions to dismiss are granted and plaintiff's motion is denied.

## ANALYSIS

Defendants Big D Oil, Ms. Steejdee and Mr. Policky filed motions to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dockets 10, 15 & 20). Because the three motions assert the same grounds for dismissal under Rule 12(b)(6), the court will only reference the argument of Big D Oil, unless otherwise indicated. The grounds asserted for dismissal are:

1. [The defendants are] not alleged to have acted under color of state law as required by § 1983. (Docket 11 at p. 2);

2. [The defendants] did not conspire with a state actor. Id. at p. 4; and

3. [The defendants are] not state actors under the equal-benefits clause of § 1981, and Stanko is not a minority under the right-to-contract clause of § 1981. Id. at p. 5.

Rule 12(b)(6) provides for dismissal if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In evaluating the defendants' Rule 12(b)(6) motion, the court accepts as true all of the factual allegations contained in plaintiff's complaint and grants all reasonable inferences in favor of plaintiff as the nonmoving party. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' ") (citing Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). See also Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009) (the court must review "a

Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting the facts alleged in the complaint as true and granting all reasonable inferences in favor of the plaintiff, the nonmoving party.") (brackets omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679.

Plaintiff's complaint asserts jurisdiction pursuant to Article III, Section 2, of the United States Constitution, the Seventh Amendment and 28 U.S.C. §§ 1331 & 1343. (Docket 1 ¶¶ 1-4). The complaint alleges the following pertinent facts:

a. Big D Oil runs public gas stations throughout Western South Dakota. Id. ¶ 10.

b. Big D Oil Co runs news stands at these gas stations that . . . distribute free literature. Id. ¶ 11.

c. On or about October 1st, 2016, defendant Brenda Steejdee informed the Plaintiff that she would no longer allow the defendant's newspaper at her gas stations that she manages, because of its content. Id. ¶ 12.

d. Defendant Steejdee informed the Plaintiff that she would order all of the store managers to ban The Stampede. Id. ¶ 13.

e. Plaintiff's speech is a cowboy newspaper and is freely distributed. Id. ¶ 14.

    f.       The Plaintiff's newspaper advertises for the local livestock sale auctions.  Id. ¶ 15.

    g.       The Plaintiff is a professional cattle buyer.  Id. ¶ 16.

    h.       On or about October 1st, 2016, defendant Brenda Steejdee informed the Plaintiff that she would confer with the Chief Executive Officer, and get back to the Plaintiff.  Id. ¶ 17.

    i.       Defendant Steejdee failed to get back to the Plaintiff, and has ignored the Plaintiff's continual request for placement [of The Stampede] in the Big D's gas stations.  Id. ¶ 18.

Count I of the complaint alleges: "Defendants violated the Plaintiff's First Amendment right of speech by banning the distribution of [The Stampede] in the Big D gas stations in an attempt to exercise his First Amendment right of speech, while at the same time allowing other newspapers to be freely distributed or sold."  Id. at pp. 3-4.  Count II alleges: "Defendants Bi[g] D Oil CO, Brenda Steejdee, Don Policky, and defendants lX thru 3X conspired to violate the Plaintiff's Constitutional and Statutory rights (Title 42 USC §§ 1981 thru 1985).  Especially see 1985(3) ('Conspiracy to interfere with civil rights—depriving persons of rights or privileges) and §1981(c) (impairment by nongovernmental . . . discrimination and impairment under color of State law).' "  Id. at p. 4 (emphasis omitted).

Each of defendants' arguments for dismissal will be separately addressed.

1. THE DEFENDANTS DID NOT ACT UNDER COLOR OF STATE LAW AS REQUIRED BY § 1983

Defendants argue the complaint does not allege they are state actors or that they acted under color of state law.  (Docket 11 at p. 3).  Defendants

4

contend that merely because Big D Oil "operates public gas stations" does not establish that the company or its employees "acted under the color of state law." Id. Because the defendants are not state actors and do not act under state law, they argue plaintiff "has not stated a claim upon which relief under § 1983 may be granted, and his Complaint should be dismissed." Id. at p. 4.

Mr. Stanko resists defendants' motions to dismiss. (Docket 13). He claims that "[a]side from all the statutory arguments, mainly the defendant[s'] 'failure to state a claim' defense this is a Seventh Amendment common law complaint for only the jury to decide the law as well as the facts." Id. at p. 3. Mr. Stanko argues "[t]he defendants are persons who under custom or usage pursuant to 42 USC § 1983 blatantly violated Plaintiff's rights secured by the Constitution and laws of the United States." Id. at p. 6. Plaintiff contends "[c]ounsel for the defendant[s] is erroneously attempting to claim the defendants are not persons pursuant to § 1983 and must be an arm for the State to be prosecuted for a civil or statutory right violations promulgated by § 1983." Id. at p. 7 (bold omitted). Mr. Stanko claims "defendants' counsel is confusing the 14th Amendment with the Plaintiff's statutory rights in 42 USC § 1983. The 14th Amendment applies to States, while 42 USC § 1983 applies to 'every person' pursuant to its own statutory definition(s)." Id. at p. 7 n.2. Plaintiff argues "Klu Klux Klan members were persons and were persons prosecuted by the United States or sued by the black people and Union sympathizers, who had their civil rights violated by the Klan and the Whiteman. Big D Oil and its

5

employees can be compared to the Klan and its members. The defendants are being sued for blatantly violating the Plaintiff's Federal constitutional, civil, statutory, and unalienable rights." Id. at p. 9.

The Civil Rights Act provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of *state* law and made possible only because the wrongdoer is *clothed with the authority of state law.*'" Parker v. Boyer, 93 F.3d 445, 447-48 (8th Cir. 1996) (emphasis added) (quoting West v. Atkins, 487 U.S. 42, 49 (1988) (further citations omitted). "The injury complained of must have been caused by the exercise of some right or privilege created by the state, by a rule of conduct imposed by the state, or by a person for whom the state is responsible." Id. at 448. "Section 1983 does not confer subject matter jurisdiction. The statute simply provides a means through which a claimant may seek a remedy in federal court for a constitutional tort when one is aggrieved by the act of a person acting

under color of state law." Jones v. United States, 16 F.3d 979, 981 (8th Cir. 1994).

Nowhere in Mr. Stanko's complaint does he allege the defendants were acting under color of state law. The court cannot infer from the complaint that the defendants were acting under color of state law. The defendants are not state actors, they are not clothed with some authority of the state and they are not individuals "for whom the state is responsible." Parker, 93 F.2d at 448. Defendants' actions as alleged in the complaint are not "act[s] committed under color of state law." Id. Mr. Stanko's claims under § 1983 fail as a matter of law.

2.  THE DEFENDANTS DID NOT CONSPIRE WITH A STATE ACTOR

Defendants oppose plaintiff's count II conspiracy claim. (Docket 11 at p. 4). Defendants argue the complaint fails to allege they conspired with a state actor and fails to allege that their action was based on a racial or other class-based discriminatory animus. Id. Defendants argue "[t]he Complaint simply alleges that the Defendants conspired to violate Stanko's Constitutional and statutory rights. . . . This conclusory statement is insufficient to state a claim under § 1985, and the Complaint should be dismissed." Id. at p. 5.

Mr. Stanko resists defendants' challenge. (Docket 13 at p. 9) He argues 42 U.S.C. § 1985(3) is "applicable to private parties." Id. at p. 10 (referencing Griffin v. Breckenridge, 403 U.S. 88 (1971)). He asserts that "[c]ontrary to the defendants in this conspiracy statute 'Congress must deal with individuals, not

7

States. It must punish the offender against the rights of citizens . . . .'" Id. (citing Griffin, 403 U.S. at 101).

Conspiracy to interfere with another person's civil rights cited by plaintiff is addressed in 42 U.S.C. § 1985. That section provides:

> (1) Preventing officer from performing duties[.] If two or more persons in any State . . . conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; or to induce by like means any officer of the United States to leave any State, district, or place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties;
>
> (2) Obstructing justice; intimidating party, witness, or juror[.] If two or more persons in any State . . . conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State . . . , with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;
>
> (3) Depriving persons of rights or privileges[.] If two or more persons in any State . . . conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under

8

the laws; or for the purpose of preventing or hindering the constituted authorities of any State . . . from giving or securing to all persons within such State . . . the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985. "The basis of federal jurisdiction for violations of 42 U.S.C. § 1985 is 28 U.S.C. § 1343." Runs After v. United States, 766 F.2d 347, 353 (8th Cir. 1985).

Section 1985 prohibits five specific categories of conspiracies.

(1) conspiracies to interfere with the performance of official duties by federal officers (section 1985(1));

(2) conspiracies to interfere with the administration of justice in federal courts (first clause of section 1985(2));

(3) conspiracies to interfere with the administration of justice in state courts (second clause of section 1985(2));

(4) private conspiracies to deny any person enjoyment of "equal protection of the laws" and "equal privileges and immunities under the laws" (first clause of section 1985(3)); and

(5) conspiracies to interfere with the right to support candidates in federal elections (second clause of section 1985(3))."

9

Harrison v. Springdale Water & Sewer Commission, 780 F.2d 1422, 1429 (8th Cir. 1986) (referencing Kush v. Rutledge, 460 U.S. 719, 724 (1983)). "[T]hree of the five categories—the first, second and fifth—relate to federal institutions and processes." Id. The third category relates to the administration of state courts and is not pertinent to Mr. Stanko's conspiracy claim. The fourth category prohibits a private conspiracy to deny an individual "equal protection of the laws" and "equal privileges and immunities under the laws." Id. (citing 42 U.S.C. § 1985(3)).

"In each section 1985 case it must be determined whether there is a constitutional source of congressional power to reach the private conspiracy alleged in the complaint." Means v. Wilson, 522 F.2d 833, 838 (8th Cir. 1975). "[I]n order to show a deprivation of equal protection or equal privileges and immunities which may be redressed under 42 U.S.C. § 1985(3), it must be shown that the conspirators were motivated by an invidiously discriminatory animus toward a racial group or perhaps another type of class." Id. at 839. For § 1985 to apply "there must be a discriminatory animus toward a class, not toward an individual qua individual." Shortbull v. Looking Elk, 677 F.2d 645, 649 (8th Cir. 1982) (citation omitted). "[T]here is no conspiracy if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees, each acting within the scope of his [or her] employment." Runs After, 766 F.2d at 354 (internal citation omitted). See also Baker v. Stuart Broadcasting Co.,

505 F.2d 181, 183 (8th Cir. 1974) ("If the challenged conduct is essentially a single act of discrimination by a single business entity, the fact that two or more agents participated in the decision or in the act itself will normally not constitute the conspiracy contemplated by this statute.").

"[C]ourts that have held that an actionable section 1985(3) claim is presented have generally done so only where individual defendants are named as well as the corporation, and those individuals acted outside the scope of their employment or for personal reasons." Cross v. General Motors Corp., 721 F.2d 1152, 1156 (8th Cir. 1983). Plaintiff has not alleged the actions of the individually named defendants are a private conspiracy premised on class or race. Therefore, § 1985 does not provide a remedy to plaintiff and 28 U.S.C. § 1343 does not establish jurisdiction in federal court. Runs After, 766 F.2d at 353. The complaint fails to state a cause of action under to 42 U.S.C. §1985(3).

3. THE DEFENDANTS ARE NOT STATE ACTORS UNDER THE EQUAL-BENEFITS CLAUSE OF § 1981, AND MR. STANKO IS NOT A MINORITY UNDER THE RIGHT-TO-CONTRACT CLAUSE OF § 1981

Defendants argue Mr. Stanko's conspiracy claim under 42 U.S.C. § 1981 must fail because he is neither a "member of a minority class," nor does he "have a relationship to, association with, or advocacy of minorities." (Docket 11 at p. 5) (citing Bilello v. Kum & Go, 374 F.3d 656, 660 (8th Cir. 2004)). Defendants contend that "[r]efusing to carry Stanko's newspaper bears no relationship to Stanko's race or his association with or advocacy for minorities." Id. at p. 6.

11

Mr. Stanko's apparent basis for a conspiracy claim under § 1981 is that the defendants discriminated against him, individually, as a "blue-eyed White Plaintiff" who is "exercising his 1st Amendment politically incorrect Southern religious ideologies . . . ." (Docket 13 at p. 4). Mr. Stanko's response does not specifically address § 1981 or defendants' argument in support of their motions to dismiss on this basis.

>Section 1981 states:
>
>(a) Statement of equal rights[.]  All persons within the jurisdiction of the United States shall have the same right in every State . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
>(b) "Make and enforce contracts" defined[.]  For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. . . .

42 U.S.C. § 1981(a) & (b).  Section 1981 "provides that all persons shall have the same right to 'make and enforce contracts' and the right to 'the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'" Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (quoting 42 U.S.C. §§ 1981(a)-(b)).  "To establish a prima facie case of discrimination under § 1981, [plaintiff] must show: (1) that [he] is a member of a protected class; (2) that [defendants] intended to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981."  Id.

12

"For purposes of asserting [an equal-benefits] claim under 42 U.S.C. § 1981, because the state is the sole source of the law, it is only the state that can deny the full and equal benefit of the law." Adams ex rel. Harris v. Boy Scouts of America-Chickasaw Council, 271 F.3d 769, 777 (8th Cir. 2001) (internal quotation marks omitted; citing Youngblood v. Hy–Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001) (quoting Chapman v. Higbee Co., 256 F.3d 416, 420 (6th Cir. 2001) (other citation omitted)). "Because the Boy Scouts Chickasaw Council was not acting under color of state law, appellants' claims against that party under § 1981 . . . fail[s] as a matter of law." Id. at 778.

As discussed above, Mr. Stanko's complaint does not allege any state action or that the defendants were acting under state law. The complaint fails to state an equal-benefits claim under § 1981.

For purposes of asserting a right-to-contract claim under § 1981, cases "allege intentional discriminatory conduct prompted by a hostile animus towards the plaintiff's race." Bilello, 374 F.3d at 660. "On occasion, courts have permitted cases to proceed where a plaintiff alleges a discriminatory practice was motivated by a hostile animus to another person's or group's race. Typically, courts have limited these third-party standing cases to situations in which the plaintiff is the direct target of discrimination." Id. However, "[t]hird-party standing for section 1981 claims is also permitted in cases involving discriminatory action taken directly against a non-minority person because of the person's relationship to, association with, or advocacy of minorities." Id.

13

Mr. Stanko's complaint does not allege he has third-party standing to assert a § 1981 right-to-contract claim for the benefit of another individual or group of individuals. Mr. Stanko does not claim the defendants are discriminating against all Caucasians or that in some fashion their conduct is directed against him because of his association with that race. The complaint fails to state a right-to-contract claim under § 1981.

Mr. Stanko alleges the defendants were engaged in a conspiracy to violate his constitutional rights. (Docket 1 at p. 4). To prove a civil conspiracy under § 1983, a plaintiff is "required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim." White v. McKinley, 519 F.3d 806, 814 (8th Cir. 2008) (citations omitted). "[A] claim of civil conspiracy is not an independent cause of action, and can only be sustained after an underlying tort claim has been established." Holmes v. Slay, No. 12CV2333, 2015 WL 1349598, at *7 (E.D. Mo. Mar. 25, 2015) (citing Hanten v. School Dist. of Riverview Gardens, 183 F.3d 799, 809 (8th Cir. 1999)). Because Mr. Stanko has not alleged a viable claim of deprivation of his constitutional rights, he cannot prevail on a § 1983 civil conspiracy claim. White, 519 F.3d at 814. The complaint fails to state a viable civil conspiracy claim under § 1983.

Mr. Stanko argues the court should not grant defendants' motions to dismiss because the motions are premature. (Docket 13 at p. 10). He argues "[t]he conspiring Defendants 1x through 3x will be named subsequent to discovery and completed service." Id.

If Mr. Stanko was able to identify the names of defendants "1x through 3x," his complaint alleging a violation of his constitutional rights against the named defendants would fail for the same reasons stated above. Roe v. Nebraska, 861 F.3d 785, 789 (8th Cir. 2017) (plaintiff "did not adequately plead that any unnamed defendant violated his constitutional rights.").

During the pendency of Big D Oil Company's motion to dismiss, Mr. Stanko filed a motion to compel Mr. Policky to file an answer to the complaint. (Docket 14). Mr. Stanko contends Mr. Policky was served when a copy of the complaint was left "at Big D, or his attorney would not have filed a Notice of Appearance . . . ." Id. at p. 1.

Mr. Policky resists the motion. (Docket 17). Mr. Policky was not personally served with the summons and complaint until April 11, 2017. Id. at p. 1. Mr. Stanko does not challenge defendant's statement as to the date of personal service. Three days later, Mr. Policky filed his motion to dismiss. (Docket 20).

Rule 12 provides that an answer to a complaint must be filed "within 21 days after being served with the summons and complaint . . . ." Fed. R. Civ. P. 12(a)(1)(A)(i). However, a motion to dismiss for "failure to state a claim upon which relief can be granted . . . ." may be made before an answer is served or may be joined in the answer. Fed. R. Civ. P. 12(b)(6).

Mr. Policky's motion to dismiss was timely filed. Mr. Stanko's motion to compel the filing of an answer by Mr. Policky is without merit.

**ORDER**

Based on the above analysis, it is

ORDERED that defendant Big D Oil Company's motion to dismiss (Docket 10) is granted.

IT IS FURTHER ORDERED that plaintiff's motion (Docket 14) is denied.

IT IS FURTHER ORDERED that defendant Brenda Steejdee's motion to dismiss (Docket 15) is granted.

IT IS FURTHER ORDERED that defendant Don Policky's motion to dismiss (Docket 20) is granted.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed with prejudice.

Dated August 30, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE